**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN SMITH,** *et al.*, | |
| **Plaintiff,** | |
| v. | **Civil Action No. 25-183 (JEB)** |
| **MARCO RUBIO,** *et al.*, | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Smith and John Doe challenge the delay in the State Department's adjudication of their immigrant-visa applications. See ECF No. 2 (Mot.). Plaintiffs are both dual nationals of Russia and Israel living separately in Kazakhstan (Smith) and Israel (Doe), and they desire to emigrate for various political, social, and economic reasons. Id. at 1–2, 4; ECF No. 2-2 (John Smith Decl.). Smith has petitioned for an EB-1A immigrant visa for extraordinary ability — he is an aviation professional experienced in training new pilots and with expertise in Full Flight Simulator Type D. See Mot. at 1–2. Doe is Smith's husband and a derivative immigrant-visa applicant on the EB-1A. Id. at 2. Their visa applications have faced delayed administrative processing. Id. at 1–2. Fearing for their personal safety, their emotional and financial well-being, and the legality of their marriage, Plaintiffs move the Court to proceed pseudonymously in this dispute. As they have made the detailed showing required to overcome the presumption in favor of disclosure, the Court will grant the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

I.      **Legal Standard**

Generally, a complaint must identify the plaintiff.  See Fed. R. Civ. P. 10(a); LCvR

5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of

litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found.

v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed

pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such

secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its

own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must

"'balance the litigant's legitimate interest in anonymity against countervailing interests in full

disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed

Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is
> merely to avoid the annoyance and criticism that may attend any
> litigation or is to preserve privacy in a matter of [a] sensitive and
> highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or
> mental harm to the requesting party or[,] even more critically, to
> innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be
> protected;
>
> [4] whether the action is against a governmental or private party;
> and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an
> action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

2

II.    **Analysis**

Plaintiffs have met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.  The Court will address each of the five factors.

A.  Factor 1

Smith and Doe make clear that the request to proceed under a pseudonym is not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Plaintiffs are a same-sex couple seeking to maintain the privacy of their sexual orientation in the face of possible repercussions in Russia and Kazakhstan.  See Mot. at 4; Smith Decl. at ¶ 9.  This is precisely the type of "intimate or sensitive personal information . . . traditionally recognized under this factor."  Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)) (internal quotations omitted).

B.  Factor 2

The second factor also weighs in favor of proceeding pseudonymously, as there is a clear "risk of retaliatory physical or mental harm" to Plaintiffs.  See In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).  They are two homosexual men, which they contend could "trigger[] physical retaliation and mental harm" if they were to be identified as such.  See Mot. at 4.  Although this fear of retaliation is unsubstantiated for Doe while residing in Israel, Plaintiffs' declarations narrate the dangers the men could meet in Kazakhstan and Russia.  See Smith Decl., ¶¶ 6, 11; ECF No. 2-3 (John Doe Decl.), ¶ 5.  As the Russian government has designated LGBTQ+ identity as "extremism," Plaintiffs could face persecution or loss of

employment.  See Mot. at 4.  Same sex marriage is not recognized in Kazakhstan either, causing

Plaintiff Smith to fear retaliatory job loss if his marital status was to become public knowledge.

See Mot. at 4.

In addition to these threats, Plaintiffs have offered numerous examples of the

psychological harm they experience from their situation.  See Mot. at 5.  Living under such fear

and the prolonged separation from his husband has resulted in Plaintiff Doe being diagnosed

with depression.  Id. at 5.  The Court finds that the detailed allegations in the Motion and both

declarations are sufficient to conclude that revealing the names of Plaintiffs could subject them

to negative consequences at the hands of the governments of Russia and Kazakhstan.  See J.K.A.

v. United States, No. 23-2273, ECF No 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (second

factor favors pseudonymity when plaintiffs experienced abuse by, and faced further "threats of

retaliation" from, foreign government).

    C.  Factor 3

Plaintiffs concede that the third factor weighs against pseudonymity, as the two men are

not minors.  See Mot. at 5; In re Sealed Case, 971 F.3d at 326.

    D.  Factor 4

The fourth factor supports the Motion.  "[A]nonymous litigation is more acceptable when

the defendant is a governmental body because government defendants 'do not share the concerns

about "reputation" that private individuals have when they are publicly charged with

wrongdoing.'"  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v.

Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Wash. Univ., 369 F. Supp. 3d

49, 66 (D.D.C. 2019).  In addition, Plaintiffs here are seeking individualized relief.  In such

cases, courts have generally favored pseudonymity.  See, e.g., Doe v. Blinken, No. 24-1629, ECF

No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a yearlong delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted); see also Am. Foreign Serv. Ass'n v. State, No. 24-3385, ECF No. 8 (Mem. Op) at 5–6 (D.D.C. Dec. 11, 2024) (fourth factor favors pseudonymity where plaintiffs sought review of individual benefit denials).

E.  Factor 5

The fifth and final factor weighs in favor of allowing Plaintiffs to proceed pseudonymously.  The Government would suffer no unfairness since it is already aware of Plaintiffs' identities through their immigrant-visa applications.  See Mot. at 5; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).

III.    Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

    i.    A pseudonymous version of their [2] Motion and any attachments; and

    ii.   A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  January 30, 2025